# United States Court of Appeals for the Federal Circuit

04-5100,-5102

ZOLTEK CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

Dean A. Monco, Wood, Phillips, Katz, Clark & Mortimer, of Chicago, Illinois, filed a petition for rehearing en banc for plaintiff-cross appellant. With him on the petition was John S. Mortimer. Of counsel on the petition were David W. Long and Pamela S. Kane, Howrey LLP, of Washington, DC.

Anne Murphy, Attorney, Appellate Staff, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for defendant-appellant. With her on the response were Peter D. Keisler, Assistant Attorney General, and Scott R. McIntosh, Attorney.

Appealed from: United States Court of Federal Claims

Chief Judge Edward J. Damich

# United States Court of Appeals for the Federal Circuit

2004-5100,-5102

ZOLTEK CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

ON PETITION FOR REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, <u>Circuit Judges</u>, PLAGER, <u>Senior Circuit Judge</u>, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, <u>Circuit Judges</u>.

O R D E R

A petition for rehearing en banc was filed by the Cross-Appellant, and a response thereto was invited by the court and filed by the Appellant. The matter was referred first as petition for panel rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who were authorized to request a poll whether to rehear the appeal en banc[1]. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for rehearing is denied.

(2) The petition for rehearing en banc is denied.

---

[1] Circuit Judge Moore assumed office on September 8, 2006, after the voting deadline had expired in this matter.

(3)  The mandate of the court will issue on September 28, 2006.

NEWMAN, <u>Circuit Judge</u>, dissents in a separate opinion.

DYK, <u>Circuit Judge</u>, with whom GAJARSA, <u>Circuit Judge</u>, joins, concurs in the denial of the petition for rehearing en banc in a separate opinion.

FOR THE COURT

<table>
<tr><td>__Sep  21  2006__<br>Date</td><td>_s/Jan Horbaly__<br>Jan Horbaly<br>Clerk</td></tr>
</table>

cc:    Anne Murphy, Esq.<br>Dean A. Monco, Esq.

# United States Court of Appeals for the Federal Circuit

04-5100, -5102

ZOLTEK CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

NEWMAN, <u>Circuit Judge</u>, dissenting from denial of the petition for rehearing *en banc*.

The court today rules that the owner of a patent that the government uses for governmental purposes cannot bring an action under the Fifth Amendment for compensation for the use of this property, and cannot prevent such unauthorized use. The panel majority holds that there is no jurisdiction in the Court of Federal Claims -- or any other court -- of a Takings claim for compensation for unauthorized use by the government of a patented invention. This ruling is contrary to decision, statute, policy, and constitutional right.[1] I must, respectfully, dissent from the court's endorsement of this ruling.

The <u>Zoltek</u> majority bases its decision on a statement in <u>Schillinger v. United States</u>, 155 U.S. 163 (1894), that since patent infringement is a tort, "cases sounding in tort are not

---

[1] "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

cognizable in the Court of Claims." Id. at 169.  The 1910 Patent Act expressly assigned to the Court of Claims jurisdiction of compensation for patent use by the United States, explaining that while the government cannot be enjoined from using an invention for governmental purposes, compensation must be paid.  Soon thereafter the Court in Crozier v. Fried. Krupp Aktiengesellschaft, 224 U.S. 290 (1912) laid Schillinger to rest, establishing that the government's right to use patent property was based on eminent domain and subject to the Fifth Amendment: "we think there is no room for doubt that the [1910] statute makes full and adequate provision for the exercise of the power of eminent domain for which considered in its final analysis it was the purpose of the statute to provide."  Id. at 307.  It is curious indeed for this court, a century later, to resurrect Schillinger's long-rejected and long-overruled decision.

My concern with my colleagues' position starts with their apparent rejection of the premise that patents are property and subject to the Fifth Amendment.  See Florida Prepaid Postsecondary Educ. Bd. v. College Sav. Bank, 527 U.S. 627, 642 (2002) ("Patents, however, have long been considered a species of property."); James v. Campbell, 104 U.S. 356 (1881) ("letters-patent for a new invention or discovery in the arts, confers upon the patentee an exclusive property in the patented invention"); Cammeyer v. Newton, 94 U.S. 225, 226 (1876) ("the right of the [patent] holder is as much entitled to protection as any other property"); Consol. Fruit-Jar Co. v. Wright, 94 U.S. 92, 96 (1876) ("A patent for an invention is as much property as a patent for land.").

Almost a century of precedent has implemented the right of patentees to the remedies afforded to private property taken for public use.  There is no basis today to reject this principle.  Indeed, even Schillinger was decided on a quite different ground, the Court

04-5100, -5102                                        2

simply observing that patent infringement is a tort and that the Tucker Act, as then written, dealt only with contracts. Schillinger, 155 U.S. at 168. Schillinger did not change the property status of patents and did not discuss constitutional principles; the only issue was whether the Court of Claims had jurisdiction under the Tucker Act. The Patent Act of 1910 assigned jurisdiction to the Court of Claims:

> That whenever an invention described in and covered by a patent of the United States shall hereafter be used by the United States without license of the owner thereof or lawful right to use the same, such owner may recover reasonable compensation for such use by suit in the Court of Claims . . . . *Provided further*, That in any such suit the United States may avail itself of any and all defenses, general or special, which might be pleaded by a defendant in an action for infringement, as set forth in Title Sixty of the Revised Statutes, or otherwise; . . .

Pub. L. No. 61-305, 36 Stat. 851 (1910). The legislative proceedings of the 1910 Act emphasized that the unauthorized use of a patented invention by the government warrants just compensation on constitutional principles. As the 1910 Patent bill (H.R. 24649) was being considered, Rep. Frank Dunklee Currier (N.H.), Chairman of the House Committee on Patents, explained that although patents were property, the only remedy for governmental infringement was by appeal to Congress. Chairman Currier placed the following statement in the legislative record:

> The status of a patent as private property, which even the Government is prohibited from taking for public use without compensation (amendment to the Constitution, Article V) has been declared and redeclared in many opinions by the Supreme Court of the United States . . . But it has been held, also, that in the absence of an express contract between the owner and the Government, or of transactions between them from which an agreement by the Government to pay a reasonable royalty must be implied, the patentee has no remedy at law or by executive action, and must obtain relief, if at all, by appeal to Congress. Schillinger v. United States, 156 U.S. 163. . . .

45 <u>Cong. Rec</u>. 8755, 8769 (June 22, 1910). Several floor statements stressed the principle

of providing remedy in the Court of Claims, and the Report of the House Committee on

Patents stated:

> In no civilized country, so far as the committee is informed, except Russia and the United States, can the Government appropriate an invention without paying a fair price for it . . . . The Court of Claims now has no jurisdiction to award a compensation for its use of a patent except when such use is under a contract, express or implied. The infringement or unauthorized use of a patent is a tort. Our only purpose is to extend the jurisdiction of that court so that it may entertain suits and award compensation to the owners of patents in cases where the use of the invention by the United States is unauthorized and unlawful; in short, to give the court in patent cases, in addition to the jurisdiction it has now in matters of contract, jurisdiction in cases of tort.

H.R. Comm. Rep. No. 61-1288, at 1, 2-3 (1910). The Report emphasized that the 1910 Act

enlarged the jurisdiction of the Court of Claims to include claims under the Tucker Act

based on a violation of the Fifth Amendment:.

> The purpose of this bill is to enlarge the jurisdiction of the Court of Claims so that said court may entertain suits against the United States for the infringement or unauthorized use of a patented invention, in certain cases, and award reasonable compensation to the owner of the patent.

<u>Id.</u> at 1. This assignment is codified at 28 U.S.C. §1498(a):

> §1498(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by <u>action against the United States in the United States Court of Federal Claims</u> for the recovery of his reasonable and entire compensation for such use and manufacture . . . .

There can be no doubt that the unlicenced use of a patented invention by the United States

is remediable in the Court of Federal Claims. This principle has been applied in decades of

precedent. This court's statement that we are "bound by <u>Schillinger</u>" to hold that the Court

04-5100, -5102                                    4

of Federal Claims has no jurisdiction of patent claims against the government, <u>Zoltek</u>, 442 F.3d at 1350, is almost a century out of date.

The panel majority also produces the anomalous result that patent property receives less protection from the Constitution than other forms of intellectual property, in conflict with principles and precedent. In <u>Ruckelshaus v. Monsanto Company</u>, 467 U.S. 986 (1984) the Court held that a trade secret is constitutionally protected property, and a claim for its taking is within Tucker Act cognizance:

> Although this Court never has squarely addressed the question whether a person can have a property interest in a trade secret, which is admittedly intangible, the Court has found other kinds of intangible interests to be property for purposes of the Fifth Amendment's Taking Clause." *See, e.g.*, *Armstrong v. United States*, 364 U.S. 40, 44, 46 (1960) (materialman's lien provided for under Maine law protected by Taking Clause); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 596 -602 (1935) (real estate lien protected); *Lynch v. United States*, 292 U.S. 571, 579 (1934) (valid contracts are property within meaning of the Taking Clause). . . .

467 U.S. at 1003. That patent rights are property rights, entitled to just compensation when taken by the United States, is not subject to revision at this late date. The premises as explained in 1910 remain intact, as explained in the record of that enactment:

> *Rep. Dalzell.* But if the Government, through an authorized officer, has seen fit to appropriate a patent of a citizen without making any contract with him, or under circumstances that no implied contract can be inferred, then this law proposes to give him a remedy. It proposes to put him on the same footing that every other citizen is on who is not a patentee; that is, to give him the right to recover for property that has been taken from him by due process of law. And every time that the United States Government assumes to take forcibly, without the consent of the owner, a patented process, it violates the constitutional provision which says no man's property shall be taken without compensation and without due process of law.

45 <u>Cong. Rec</u>. 8755 at 8780.

I am concerned that my colleagues have strayed, for their holding that the issues raised by the asserted violation of patent rights are not within the jurisdiction of the Court of Federal Claims is contrary to clear statutory text and long-resolved application of constitutional remedy. I respectfully dissent from the court's decision not to review this holding *en banc*.

# United States Court of Appeals for the Federal Circuit

04-5100, -5102

ZOLTEK CORPORATION,

Plaintiff-Cross Appellant,

v.

UNITED STATES,

Defendant-Appellant.

DYK, <u>Circuit Judge</u>, concurring in the denial of the petition for rehearing *en banc*, with whom GAJARSA, <u>Circuit Judge</u>, joins.

I agree that this case does not warrant *en banc* review and write briefly to note that the dissent has misread the majority panel opinion.

The dissent suggests that the majority opinion here leaves private parties without an effective remedy for patent misuse against the government. With respect, this is not correct. As the panel majority holds, following prior decisions of this court, private parties have a right of action against the government for unauthorized use of a patent pursuant to 28 U.S.C. § 1498 (2000). What the panel majority holds is that (1) the rights against the United States under section 1498 are not greater than the rights against private parties in a suit for patent infringement; (2) there would be no claim for infringement against a private party under the circumstances of this case; and (3) (as the Supreme Court held in <u>Schillinger v. United States</u>, 155 U.S. 163, 169 (1894)) Congress has not created a separate parallel takings remedy in the Court of Federal Claims. We think it clear that, in enacting section 1498, Congress did not overrule

Schillinger by conferring jurisdiction over patent takings claims against the government, nor has the Supreme Court overruled Schillinger.

This decided lack of interest by the Congress and the Supreme Court in creating a takings remedy is perhaps not surprising given the fact that patent rights are created only by federal statute; that a Congressional decision to limit those rights is difficult to characterize as a taking of established property rights; and that Congress has in most situations created a right to sue the government for infringement damages equivalent to the right to sue private parties. The panel decision here, in rejecting the constitutional claim and in finding no infringement, is faithful to section 1498, to the decisions of the Supreme Court, and to the decisions of this court.